UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:15-CR-61-DBH-02 |
| | ) |
| KENDALL FRANCIS, | ) |
| DEFENDANT | ) |

ORDER ON MOTION FOR COMPASSIONATE RELEASE

On April 21, 2016, I sentenced Kendall Francis to 108 months in federal prison for drug trafficking. Judgment (ECF No. 152). He is currently incarcerated at FCI Fort Dix. By letter he has moved for release to home confinement (ECF No. 193).

The authority to convert a sentence to home confinement rests solely with the Bureau of Prisons. See United States v. Mansaray, Nos. 13-236, 15-526, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020). But a federal judge can reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) under certain circumstances. First, the prisoner must make the request to the Warden of the prison where he is housed and thirty days must pass. 18 U.S.C. § 3582(c)(1)(A). Second, the prisoner must show "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Here, Francis has not shown me that thirty days have passed after making a request to the Warden. And the "extraordinary and compelling reasons" to which he refers are the conditions that all prisoners confront in this time of pandemic, not particular medical conditions of his own that increase his

vulnerability. Third, the judge must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable as well as applicable Sentencing Commission policy statements. Id. § 3582(c)(1)(A).

At this time, I **DENY** the motion **WITHOUT PREJUDICE** for failure to exhaust administrative remedies, *i.e.*, the failure to make the request to the Warden.

**SO ORDERED.**

**DATED THIS 25TH DAY OF NOVEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**